IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DARRELL E. YOUNGER, | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-60 |
| v. | |
| THOMAS N. DAVIS, JR., and STATE OF GEORGIA, | |
| Defendants. | |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS without prejudice** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff is an inmate at Ware State Prison in Waycross, Georgia.  Doc. 1 at 2.  Plaintiff filed his Complaint after he was convicted at a trial in the Gwinnett County Superior Court.  Id. at 18.  Defendant Davis was the trial judge overseeing Plaintiff's case.  Id.  Plaintiff alleges Defendant Davis used an alias or unauthorized name when he signed the order for Plaintiff's conviction.  Id. at 8–9.

---

[1]     Plaintiff has consented to the undersigned's plenary review.  Doc. 8.

[2]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.      Plaintiff's Claims Against Judge Thomas Davis, Jr., and the State of Georgia**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require

2

technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

As to Defendant Davis, Plaintiff alleges Defendant Davis used an alias and did not properly sign the order for Plaintiff's conviction in Gwinnett County Superior Court.  Doc. 1 at 8–9.  Plaintiff alleges Defendant used the name "Tom Davis" instead of his full name, "Thomas Davis, Jr.".  Id. at 18.  Plaintiff has not alleged this issue affected his trial or his understanding of his criminal sentence in any way.  Plaintiff fails to allege a constitutional violation.  Plaintiff fails to state what overt acts Defendant Davis did that violated Plaintiff's constitutional rights.  It is not clear what constitutional right Plaintiff claims Defendant Davis violated by signing an order with a shortened version of his full name.  For these reasons, I **DISMISS** Plaintiff's claims against Defendant Davis.

As to Defendant State of Georgia, Plaintiff has not made any allegations against this Defendant.  Although Plaintiff lists the State of Georgia as a defendant in the case caption, Plaintiff does not identify the State of Georgia as an individual defendant in the parties to his Complaint.  Doc. 1 at 2, 18.  Additionally, Plaintiff has not alleged any facts related to the State of Georgia in his Complaint.  Plaintiff has failed to state any allegations associating Defendant State of Georgia with a legal wrong.  For these reasons, I **DISMISS** Plaintiff's claims against Defendant State of Georgia.

## II.   Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 4th day of September, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA